Priority
Send ✓
Enter
Closed ✓
JS-5/JS-6
JS-2/JS-3
Scan Only



FILED
CLERK, U.S. DISTRICT COURT
JUL 10 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. CV 95-1192 CBM (JCx)<br><br>ORDER FINDING ENTITLEMENT TO ATTORNEY'S FEES |



DOCKETED ON CM
JUL 11 2006
BY _____ 012

The matter before the Court, the Honorable Consuelo B. Marshall, United States District Judge, presiding, is Plaintiff's petition for attorney's fees.

## JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §1331.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Garrison Johnson is an inmate in the California prison system. In 1995, Plaintiff filed a 42 U.S.C. § 1983 action to challenge California's unwritten policy of housing all incoming and transferred male inmates according to their race. In 2000, Proskauer Rose LLP was appointed by the civil rights pro bono panel as Plaintiff's counsel. Proskauer Rose represented Plaintiff in this Court

179

and through his appeals to the Ninth Circuit and U.S. Supreme Court. In 2005, the U.S. Supreme Court ruled that, absent a showing that California's policy was narrowly tailored to serve a compelling governmental interest, the segregation policy violated Johnson's Fourteenth Amendment right to equal protection. *Johnson v. California*, 543 U.S. 499 (2005). Rather than attempt to make a showing that the policy would survive strict scrutiny, California decided to enter into a settlement agreement with Johnson pursuant to which California must create and implement a plan to end segregation of inmates by race in its facilities.

Plaintiff now moves to recover attorney's fees and costs, arguing that he is the prevailing party. The parties have timely filed their opposition and reply and the matter was deemed submitted.

## DISCUSSION

The so-called "American Rule" governing the award of attorney's fees in litigation in the federal courts is that attorney's fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967). Exceptions to the rule have developed based upon the equitable powers of the courts, to award attorney's fees when "overriding considerations of justice seemed to compel such a result." *Id.* at 718-19. Plaintiffs argue that a statutory basis exists for the award of fees, identifying 42 U.S.C. §§ 1988 and 1997e. Additionally, Plaintiffs argue, even if the Court were to find that the cited statutes did not authorize an award of fees, fees should be awarded under the common benefit doctrine, one of the equitable exceptions to the American Rule. *See Fleischmann*, 386 U.S. at 718-19.

I.  **Statutory Entitlement**

Sections 1988 and 1997e are intertwined. Section 1988 allows prevailing parties to recover attorney's fees in actions to enforce provisions of 42 U.S.C. §§

1983 and 1985. 42 U.S.C. § 1988(b). Section 1988(b) states that a court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. However, in any action brought by a prisoner in which attorney's fees are authorized under Section 1988,

> such fees shall not be awarded, except to the extent that (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights . . . and (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

42 U.S.C. § 1997e(d)(1) ("Prison Litigation Reform Act" or "PLRA"). Additionally, the PLRA caps the amount of fees recoverable, stating that no award of fees shall be based on an hourly rate greater than 150 percent of the rate established under 18 U.S.C. § 3006A. 42 U.S.C. § 1997e(d)(3).[1]

In order to determine whether Plaintiff is statutorily entitled to fees, the Court must determine whether Plaintiff is the prevailing party in this litigation. If so, the Court must then consider whether the sought fees were directly and reasonably incurred in proving an actual violation of Plaintiff's rights.

### A. Whether Plaintiff is the Prevailing Party

The Supreme Court's *Johnson* decision held that California's segregation policy had to pass strict scrutiny lest it be found violative of the Fourteenth Amendment equal protection clause. The Court, however, declined to resolve whether California's policy actually met that burden. 543 U.S. at 514-15. The Court remanded the case to the Ninth Circuit to determine whether the policy met strict scrutiny, *id.* at 515, whereupon the parties submitted the matter to mediation and ultimately resolved the case via settlement.

Pursuant to the settlement, California agreed to draft and institute a protocol that assigns inmates to cells using several criteria, rather than race as the

---

[1] The parties agree that the highest fee allowed is an hourly rate of $ 169.50.

determinative factor. In consideration, Plaintiff agreed to dismiss the case with prejudice. The settlement further provided that liability continued to be disputed and explicitly reserved the issue of entitlement to attorney's fees for this Court to resolve. In light of this background, the parties disagree whether Plaintiff is a "prevailing party."

"Prevailing party" is defined as "a party in whose favor a judgment is rendered." *Buckhannon Bd. & Care Home v. W. Va. Dep't. of Health & Human Res.*, 532 U.S. 598, 603 (2001). The Supreme Court, in *Buckhannon*, considered whether a party could be considered to have prevailed under the "catalyst theory," that is, whether a plaintiff "prevails" when his or her lawsuit brings about a voluntary change in the defendant's conduct. *Id.* at 601-02. The Supreme Court held that a catalyst theory did not provide a basis for a plaintiff to be considered a prevailing party, explaining that a material change of the legal relationship between the parties is necessary. *Id.* at 604. Accordingly, Defendant argues that Plaintiff is not the prevailing party because there was no judgment, no consent decree, no judicially-ordered change in the legal relationship. However, after *Buckhannon*, the Ninth Circuit held that private settlement agreements do create a material change in the legal relationship such that a plaintiff may be considered a prevailing party. *See Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 & n.5 (9th Cir. 2002); *Richard S. v. Dep't. of Developmental Servs.*, 317 F.3d 1080, 1086-88 (9th Cir. 2003).

The Ninth Circuit based their *Barrios* and *Richard S.* holdings on the existence of private settlement agreements. In *Barrios*, the Ninth Circuit held that, "[u]nder applicable Ninth Circuit law, a plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendant." 277 F.3d at 1134. *Barrios* also explicitly noted that its holding was unaffected by the *Buckhannon* decision, observing that the voluntary change in *Buckhannon* was

different than the parties' entry into a legally enforceable settlement agreement. *Id.* at 1134 n.5; *see also Richard S.*, 317 F.3d at 1086-88. *Barrios* and *Richard S.* control this case as the settlement agreement at issue here explicitly provides that it is legally enforceable and that either party may institute a legal action to enforce the agreement in case of a breach. As such, it constitutes a change in the legal relationship between the parties. Accordingly, the Court finds that the Plaintiff was the prevailing party in this action.

**B.    Whether an Actual Violation Was Proven Pursuant to the PLRA**

Plaintiff must next establish that the fees were "directly and reasonably incurred in *proving an actual violation* of the plaintiff's rights." 42 U.S.C. § 1997e(d)(1)(emphasis added). Because the Supreme Court declined to address whether California's plan violated the Equal Protection Clause and the case was resolved via settlement, Defendants argue that no "actual violation" was proven absent a judgment, order, or consent decree finding such, and therefore Plaintiff is not entitled to fees under the PLRA. *See Siripongs v. Davis*, 282 F.3d 755, 757 (9th Cir. 2002).

Other courts have, while considering motions for attorney's fees, found actual violations to have been established, even when the cases were resolved, as here, via settlement agreement or voluntary change in the defendant's conduct. *See, e.g., Weaver v. Clarke*, 933 F. Supp. 831, 836 (D. Neb. 1996); *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1171-72 (D. Nev. 1999). These courts based their findings on evidence in the record. When the parties filed their cross-motions for summary judgment in this case, the parties and the Court assumed that the applicable standard was whether California's policy was reasonably related to a legitimate penological interest. Accordingly, the strict scrutiny standard was not addressed. Absent Plaintiff's ability to establish an actual violation, the PLRA affords no statutory basis for an award of fees.

## II. Equitable Exceptions to the American Rule

However, fees are alternately available under the common benefit equitable exception to the American Rule. *Fleischmann*, 386 U.S. at 718-19. Pursuant to the exception an award of attorney's fees is permissible where a plaintiff's action results in a substantial benefit to others. *Hall v. Cole*, 412 U.S. 1, 5 & n.7 (1973).[2] The Ninth Circuit has held that an award of fees pursuant to the common benefit exception is appropriate where (1) the action confers a substantial benefit on others; (2) the persons benefitted constitute an ascertainable class; and (3) the award of attorney's fees operates to shift the costs of litigation to those who benefit from the action. *Reiser v. Del Monte Properties Co.*, 605 F.2d 1135, 1139 (9th Cir. 1979).

Plaintiff's counsel has won a significant legal victory before the Supreme Court that precludes California from using race as the determining factor in housing inmates, eliminating the prior de facto racially segregationist policy. In so doing, Plaintiff has conferred a significant benefit on the approximately 170,000 inmates as well as the state itself. The state benefits from the elimination of a racially discriminatory policy and from the removal of segregation as a source of hostility and increased violence—both benefits were identified by the Supreme Court in its decision. *Johnson*, 543 U.S. at 507-09. Plaintiff's suit will deter similar unlawful conduct on the part of the state in the future. *See Kinney v. Int'l Brotherhood of Elec. Workers*, 939 F.2d 690, 692 (9th Cir. 1991). Awarding fees in this instance will also operate to shift the costs of litigation to those

///

///

---

[2] Plaintiff also invokes Cal. Code Civ. Proc. § 1021.5, which parallels the common benefit exception. However, Section 1021.5 is inapplicable here as federal, and not state, claims are at issue. *See Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1379 (9th Cir. 1994).

benefitted by Plaintiff's efforts. Accordingly, the Court finds Plaintiff is entitled to fees pursuant to the common benefit exception.[3]

## CONCLUSION

The Court GRANTS in part Plaintiff's motion for attorney's fees. The Court finds that Plaintiff has not established an actual violation of his rights as required by the PLRA. However, the Court finds that Plaintiff is entitled to fees pursuant to the common benefit exception to the American Rule.[4]

IT IS SO ORDERED.

DATED: July 7, 2006

CONSUELO B. MARSHALL
United States District Judge

---

[3] The Court notes that fees awarded pursuant to the common benefit exception are not subject to the cap on fees contained in the PLRA.

[4] This order resolves only the issue of entitlement to, and not the amount of, fees. Accordingly, the Court does not now address Plaintiff's objections to the fee expert declaration submitted by Defendants.

- 7 -